## No. 13,812.

106 449
112 134

### WILLIAM R. P. HUEY vs. WILLIAM N. KROUTTER.

#### SYLLABUS.

1. Only an issue of fact is involved, whether property bought during marriage,
   in the wife's name, is in fact her paraphernal property, as stated in her
   title deed.
2. The evidence adduced in support of that contention being satisfactory, the
   judgment appealed from, so holding, is affirmed.

A PPEAL from the Civil District Court, Parish of Orleans.—*Som-
merville, J.*

*Carroll & Carroll,* for Plaintiff, Appellee.

*A. E. Blackmar,* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. This is a suit to compel the defendant to accept title
to certain property which he had contracted in writing to buy from the
plaintiff, the terms of sale, price, etc., all being agreed upon.

Even now defendant expresses a willingness to consummate the
purchase, but is afraid of the title, or professes to be, and submits the
same to the adjudication of the court.

It is one of a good many such cases which find their way, with too
great frequency, it is sometimes thought, to this court. Some of them
bear the ear marks of consent suits, brought to test title in advance, to
have the opinion of the court upon matters not yet really in contro-
versy—this to the end of removing what little apprehension or doubt
as to sufficiency of title may linger in the mind of the would-be pur-
chaser, or his attorney.

Courts of justice sit to determine real controversies, not moot questions, and it is not of their legitimate functions to scatter by decrees speculative doubts.

We are not, however, to be understood as intimating that the instant case is subject to the criticism here made. A seasonable opportunity is thought to have presented itself to admonish litigants that only real controversies are to be brought here and the court improves the occasion to so announce.

Our examination of the title herein presented has led to the conclusion that the same is unobjectionable.

Mrs. Charlotte C. Leathers purchased the property, which is the subject of the agreement to sell, in 1866 from George M. Bayly. She was at that time the wife of Thos. P. Leathers and he appeared as a party to the act of purchase in authorization of her.

The act recites that she was purchasing the property with her own private funds and as paraphernal property.

She went into possession and administered the property for her own account and benefit.

In October, 1889, she executed a mortgage on the property in favor of Edward Toby for money borrowed, and in this act of mortgage, signed also by T. P. Leathers, the declaration is made that the property is the separate, paraphernal property of Mrs. Leathers.

This money, it seems, was borrowed and the mortgage executed pursuant to authority of the judge of the Civil District Court of the Parish of Orleans, the domicil of Mrs. Leathers, empowering her to incur the indebtedness and to mortgage this, her separate property, to secure its repayment to the lender.

Mrs. Leathers held title to the property, and its possession, until September 1897 when she sold it by public act to William R. P. Huey, the plaintiff herein. She had, meanwhile, become a widow. Her husband, T. P. Leathers, had died in 1896 and she became his executrix.

The act of sale from her to Huey recites the fact of T. P. Leathers' death and gives the names of his descendents whom he left as his sole and only heirs.

It also recites that each and all of these heirs had, by public acts, recognized and confirmed her separate, paraphernal title to the property.

Copies of these recognitive acts appear in the record, as does also a copy of an affidavit made by Mrs. Leathers before a notary, dated

August 28, 1897, in which affidavit she deposes that the funds with which she purchased the property from George M. Bayly in 1866 were her own separate paraphernal funds derived by her from her parents, and which had always been under her administration. This affidavit had been annexed to the act of sale by which she conveyed the property to Huey.

To the foregoing several muniments of title must be added the testimony of Mrs. Leathers, taken in this suit, to the effect that the funds with which she purchased from Bayly in 1866 were her own separate funds, giving the source from whence derived, etc.; that the same had always been under her control and administration; that the mortgage she had consented to on the property in favor of Edward Toby had been paid off with her own funds and not those of her husband or of the community existing between him and her; and that her paraphernal title to the property had never before been questioned by either the heirs or creditors of her deceased husband, or of the community.

The only question which the case presents is, was the property bought and held by Mrs. Leathers as an investment or reinvestment of paraphernal funds belonging to and administered by her?

This is a question of fact. The district judge could not do otherwise, from the evidence adduced, a resume of which we have given, than to decide it in the affirmative. The property was hers and not that of the community which had existed between herself and her husband.

A wife has the right, under our law, to buy with her separate funds; and property thus purchased is her paraphernal property.

A purchase in her name, however, is presumed, in the absence of proof, to be for the community, and the wife, or any party holding under her, is under the burden of meeting this presumption. In this case it is fully met and overcome.

Judgment affirmed.